**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-1884**

───────────────

TERRY MCCLELLAN,

        Plaintiff - Appellant,

    v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant - Appellee.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:23-cv-00322-MOC)

───────────────

Submitted:  October 1, 2025                 Decided:  December 23, 2025

───────────────

Before NIEMEYER and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Charlotte W. Hall, ARROWOOD AND HALL, PLLC, Raleigh, North Carolina, for Appellant.  Brian C. O'Donnell, Associate General Counsel, Jean Godfrey, Attorney, William Feldman, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry McClellan appeals the district court's order upholding the Administrative Law Judge's (ALJ) denial of McClellan's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating McClellan's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the district court's judgment upholding the denial of benefits. *McClellan v. Comm'r, Soc. Sec. Admin.*, No. 1:23-cv-00322-MOC (W.D.N.C. Aug. 5, 2024). We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*